1
2
3
4
5
6
7
8
9
10
11
12                     UNITED STATES DISTRICT COURT
13                   FOR THE CENTRAL DISTRICT OF CALIFORNIA
14
15
16  **MIN PRODUCTIONS PTE. LTD**, a    )   Case No. SACV14 00941-MMM (RZx)
    Singapore corporation,              )
17                                      )   [**PROPOSED**] ORDER THEREON
                                        )   GRANTING STIPULATION RE
18            Plaintiff,                )   PROTECTIVE ORDER
                                        )
19       v.                             )
                                        )   The Hon. Ralph Zarefsky
20                                      )
    **FIREFORGE, INC.,** a Delaware     )
21  corporation, **TIMOTHY CAMPBELL,**  )
22  an individual, **and DOES 1-10,**   )   NOTE: CHANGES HAVE BEEN
    **inclusive,**                      )   MADE TO THIS DOCUMENT
23                                      )
                                        )
24            Defendant.                )
25
26
27
28

―――――――――――――――――――――――――――――――――――――――――――――
              [PROPOSED] ORDER GRANTING STIPULATION RE PROTECTIVE ORDER

Upon consideration of the Stipulated Protective Order dated February 13, 2015 between Plaintiff Min Productions PTE. LTD ("Plaintiff" or "Min Productions") and Defendants FireForge, Inc. ("FireForge") and Timothy Campbell ("Campbell") (collectively "Defendants"), and finding good cause thereon,

**IT IS HEREBY ORDERED** that the terms of the Protective Order shall govern the handling and disclosure of documents, things, and information produced in this Action as follows:

1. As used herein, "Confidential Information" means: intellectual property such as game mechanics, game source code, graphics engines, unique sound and music assets, and unique artwork; non-public corporate information, such as shareholder information and third-party investor information; private contact and third party personnel data and information; financial information, such as tax documents and accounting ledgers; and confidential research and development materials. ~~(a) non-public financial information; (b) non-public corporate information; (c) intellectual property; (d) private contact and third party personnel data and information; (e) financial information; (f) additional materials that may constitute confidential research and development; (g) information that would cause a Party or another undue embarrassment or annoyance if publically disseminated; and (h) any other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).~~

2. There shall be two categories of Confidential Information under this Protective Order:

    (a) "Confidential," and

    (b) "Confidential – Attorneys' Eyes Only."

The "Confidential – Attorneys' Eyes Only" category is reserved exclusively for Confidential Information that (1) is subject to Export Administration Regulations

issued by the United States Department of Commerce, Bureau of Industry and Security, is designated as a defense article under the United States Munitions List regulated by the United States Department of State pursuant to the Arms Export Control Act, 22 U.S.C. 2778 *et seq.*,[1] or (2) production or dissemination of which with merely a "Confidential" label may be in violation of any law of the State of California or the United States.

3. Any Party (defined as Plaintiffs, Defendants, or any other party who later appears in this action and becomes bound by the terms of this Protective Order) may designate as "Confidential" any testimony, documents, records, or tangible thing—and any copies, abstracts, excerpts, or analyses thereof—used, served, or produced by a Party (or by any other person or entity), which qualifies as Confidential Information as defined above in Section 1.  Any Party may designate as "Confidential – Attorneys' Eyes Only" any testimony, documents, records, or tangible thing—and any copies, abstracts, excerpts, or analyses thereof—used, served, or produced by a Party (or by any other person or entity), which qualifies as Confidential Information as defined above in Section 1 and satisfies the further restrictions listed above in Section 2.

4. No Party may disclose or use any Confidential Information in a manner that does not comply with the terms and conditions of this Protective Order.

5. Confidential Information shall not be used for any purpose other than the conduct of this litigation.  No one shall be permitted access to Confidential Information except to the extent necessary to assist in the prosecution, defense, settlement, or appeal of this action.  Any person who receives Confidential

---

[1] ~~Plaintiff hereby reserves its right to compel production of documents designated as "Confidential-Attorneys' Eyes Only" under "Confidential" designation instead should its discovery needs require such production as this litigation unfolds.  Plaintiff does not concede that the cited regulations justify the inclusion of an Attorneys' Eyes Only provision~~.

Information pursuant to this Protective Order shall use and maintain such information in a manner that protects and preserves the confidentiality of such information.  Notwithstanding the foregoing, any Party may use its own Confidential Information for any purpose whatsoever.

     6.    Confidential Information shall be disclosed only to "Qualified Persons."  As used herein, a Qualified Person is:

    (a)    Any attorney acting as counsel of record in this action, including staff and supporting personnel of such attorneys (e.g., paralegals, office assistants, secretaries, stenographic or clerical employees or contractors, and outside copying services), to whom it is reasonably necessary that the materials be disclosed for purposes of this litigation;

    (b)    Any attorney employed by either of the Parties, including staff and supporting personnel of such attorneys (e.g., paralegals, office assistants, secretaries, stenographic or clerical employees or contractors, and outside copying services), to whom it is reasonably necessary that the materials be disclosed for purposes of this litigation;

    (c)    Any Party, including its officers, directors, and employees;

    (d)    With respect to any particular document that has been designated as Confidential Information, the author or addressee of that particular document, as well as any person who prepared, received, or reviewed that document prior to the date this action was filed, or a corporate designee of a Party;

    (e)    Any person who is expressly retained or sought to be retained by a Party as a consultant or as a testifying expert (e.g., an accountant, statistician, economist, or industry or technical expert), but only to the extent necessary for that person to

perform his or her work on this litigation and only after compliance with Paragraph 7 of this Protective Order;

(f) Any person who is designated to receive Confidential Information by order of this Court or by written stipulation of the Parties; and

(g) The Court, court personnel, and any court reporters used in connection with this litigation.

7. A Qualified Person described in Paragraphs 6(e)-(f) above shall not have access to Confidential Information until he or she has certified in writing (by executing an Acknowledgment in the form attached hereto as Exhibit "A") that he or she has read this Protective Order and agrees to be bound by its terms and conditions. The Party disclosing Confidential Information shall retain a copy of all Acknowledgments signed by any Qualified Person to whom disclosure is made, and shall provide a copy of any such Acknowledgement to every other Party within two (2) court days of receiving any signed Acknowledgement. No Confidential Information shall be provided to a Qualified Person until five (5) court days after disclosure of the Acknowledgement to all Parties. The Parties agree that service of any Acknowledgements may be made via electronic mail to all counsel-of-record.

8. Confidential Information may be disclosed to other individuals who are not Qualified Persons if, and only if, counsel for the Party that designated the information as Confidential is notified prior to any such disclosure and consents in writing to that disclosure. If such written consent is given, each person to whom Confidential Information is to be disclosed must first sign an Acknowledgment in the form attached hereto as Exhibit "A." Counsel disclosing the Confidential Information shall immediately forward copies of all Acknowledgments signed by any such individuals to all counsel. In the event that counsel for the Party that designated the information as Confidential does not consent in writing to the requested disclosure, the Parties shall make a good faith effort to resolve the

matter. If the parties are unable to resolve the matter, any Party may file a duly noticed motion seeking permission from the Court to make the requested disclosure. If the Court then issues an Order granting permission to disclose, the Party seeking the Order may then disclose the Confidential Information.

9. ~~Confidential Information may be shown to a witness in any court proceeding in this matter without any objection by the party who designated it as Confidential on the basis of its confidential nature so long as the party offering the document gives reasonable notice to the designating party, but with the understanding that counsel who has designated the information as Confidential may ask the court to clear the courtroom of nonparties, other than counsel of record and their assistants and any court personnel, prior to the time the Confidential Information is to be shown or discussed in open court, and may ask the Court to admonish the witness that the information must be kept private and not discussed outside of court. Nothing in the foregoing paragraph waives any other objection by the party who has designated such information Confidential.~~

10. Except pursuant to a prior written consent of the producing Party or an order of the Court allowing broader disclosure, no Confidential Information which has been designated as "Confidential – Attorneys' Eyes Only" shall be disclosed by the receiving Party to anyone other than:

    (a) This Court and its personnel;

    (b) Any person indicated on the face of the document to be its originator or author or a recipient of a copy thereof;

    (c) Counsel of record for the receiving Party (including attorneys and employees working for such counsel);

    (d) United States–based experts or consultants retained or consulted in this action by the receiving Party; and

    (e) Any court reporter before whom a deposition is taken in this action.

11. Parties shall designate Confidential Information as follows:

  (a) In the case of documents, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by labeling each page of any such document prior to production as follows: "Confidential" or "Confidential – Attorneys' Eyes Only."  A Party furnishing documents or things to another Party shall have the option to require that all or selected portions of those documents or things be treated as Confidential Information during inspection, and also to designate particular documents and things as containing Confidential Information at the time copies are made or produced.

  (b) In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, tangible things, recordings, photographs, etc.), counsel shall affix the notation "Confidential" or "Confidential – Attorneys' Eyes Only" to the outside of the medium or its container so as to clearly give notice of the designation.  Such designation is deemed to apply to the item itself and to the Confidential Information contained therein.  If a third party produces Discovery Material in this action, each party shall have thirty (30) business days thereafter to designate any such Discovery Material Confidential.

  (c) In the case of electronic documents produced in their native format, the producing party shall designate Confidential Information by including the "Confidential" or "Confidential – Attorneys' Eyes Only" label in the file name; in the folder name, if all files in the folder constitute Confidential

|   |   |   |
|---|---|---|
| 1 | | Information; or by affixing the label on a physical device or |
| 2 | | disk containing the production. |
| 3 | (d) | In the case of depositions, any counsel may designate all or part |
| 4 | | of any deposition transcript (including exhibits) which contains |
| 5 | | Confidential Information, as Confidential Information by |
| 6 | | making a statement so designating the material on the record |
| 7 | | during the course of the deposition.  In making such a |
| 8 | | designation, counsel shall attempt to identify and designate in |
| 9 | | good faith those portions of the transcript and exhibits which |
| 10 | | contain Confidential Information and those portions of the |
| 11 | | transcript and exhibits so identified shall be separately marked |
| 12 | | and bound by the court reporter and labeled as containing |
| 13 | | Confidential Information.  In addition, within thirty (30) days |
| 14 | | after the court reporter notifies all counsel that a completed |
| 15 | | transcript is available, any counsel may designate all or part of |
| 16 | | any deposition transcript (and/or exhibits) as containing |
| 17 | | Confidential Information by serving a notice designating such |
| 18 | | material on all other Parties.  Such notice shall specify the |
| 19 | | particular portions of the transcript and any exhibits that |
| 20 | | counsel wishes to designate as containing Confidential |
| 21 | | Information by listing on a separate sheet of paper the numbers |
| 22 | | of the pages of the transcript and the particular exhibits |
| 23 | | containing Confidential Information, so that the sheet may be |
| 24 | | affixed to the face of the transcript and each copy of the |
| 25 | | transcript.  If no counsel designates any portion of a transcript |
| 26 | | as confidential on the record during the course of the |
| 27 | | deposition, or within the thirty (30) day period after counsel |
| 28 | | receives notice that a completed transcript is available, the |

transcript shall be considered not to contain any Confidential Information. Portions of a transcript (including exhibits) designated as Confidential Information may only be disclosed in accordance with the terms of this Protective Order.

 (e) In the event that counsel for a Party believes it is necessary during the course of a deposition to show Confidential Information to a deponent who is otherwise not permitted access to such Confidential Information under the terms of this Protective Order, counsel may do so only if the deponent is notified of the Protective Order, agrees to keep the Confidential Information confidential, the Party who designated the Confidential Information consents, and the Confidential Information is placed in a sealed deposition transcript.

12. Where only a portion of a particular document or tangible item furnished or produced by a producing Party, or a portion of the transcript of any deposition, is designated as Confidential Information, counsel for the receiving Party shall delete or redact therefrom the "Confidential" or "Confidential – Attorneys' Eyes Only" portions, before disclosing such information to any person other than those designated herein.

13. Deletions or redactions made from any material or transcript in accordance with the terms of this Protective Order shall not affect the admissibility of any such material or transcript in evidence in this action.

14. Nothing contained herein, including in Paragraph 10 above, shall preclude or impede the ability of the parties' counsel to communicate with their respective clients to provide advice and counseling with respect to this action, based upon counsel's review and analysis of Confidential Material designated as "Confidential – Attorneys' Eyes Only." Counsel may discuss with employees and officers of their respective clients who are actively involved in the prosecution,

defense, or settlement of this action the general nature of such "Confidential – Attorneys' Eyes Only" materials, without disclosing the specifics of those materials, to the extent necessary to the effective representation of their respective clients.

15. If any Confidential Information is summarized, discussed, or quoted from at any deposition or at any hearing in this action, all persons other than those to whom disclosure is permitted hereunder shall be excluded from such portion of the deposition or hearing.

16. A Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time such a designation is made, and a failure to do so shall not preclude a subsequent challenge to that information. The designated status of any Confidential Information and any restriction on the disclosure or use of Confidential Information contained in this Protective Order may be changed only by written agreement of the producing Party or by court order. Any party bringing a motion regarding the designation of Confidential Information shall follow the Local Rules. Prior to bringing any motion, a Party who wishes to challenge a "Confidential" or "Confidential – Attorneys' Eyes Only" designation must specify in writing to the Party who made the confidentiality designation which specific documents the Party's challenge relates to, and the specific grounds for the challenge for each of the challenged documents. Counsel for the designating Party will have fourteen (14) calendar days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Materials pursuant to all or any of the Designation Objections; or (b) send the objecting party a meet and confer letter pursuant to Local Civil Rule 27 disputing all or any of the Designation Objections. If the designating Party does not agree to de-designate the Materials in the Designation Objections, the Parties must fully comply with Local Rule 37 and present the dispute to the Court in accordance with Local Rule 27 (the "Designation Motion").

Pending the decision on the motion, the involved item shall be treated in accordance with its designated status. In connection with any such motion, the producing Party shall have the burden of establishing that the item of protected subject matter contains Confidential Information of such a nature as to justify its designated status or as to justify the restrictions from which the receiving Party then seeks relief. Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents, testimony or information at issue in the Designation Motion will remain in place. The designating Party will have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

17. In the event of disclosure of any information designated Confidential to any person or entity other than a Qualified Person, the Party that made the disclosure shall, upon learning of it:

    a. Immediately notify the person or entity to whom the disclosure was made that he, she, or it has received Confidential Information subject to this Protective Order;

    b. Immediately make all reasonable efforts to preclude further dissemination or use by the person or entity to whom disclosure was made; and

    c. Immediately notify the designating party of the identity of the person(s) or entity to whom disclosure was made, the circumstances of the disclosure, and the steps taken to ensure against further dissemination or use of the information.

18. The inadvertent or unintentional disclosure of Confidential Information without a "Confidential" or "Confidential – Attorneys' Eyes Only" designation shall not be deemed a waiver, either in whole or in part, of a Party's claim that the specific information disclosed, any related information, and any information on the same or a related subject matter is confidential. Upon

discovery of an inadvertent or unintentional disclosure of Confidential Information, counsel for the parties should, to the extent possible, cooperate to restore the confidentiality of any Confidential Information that was inadvertently or unintentionally disclosed.

19. Inadvertent failure to designate documents or other information as Confidential Information at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall thereafter be fully subject to this Protective Order. Any such inadvertently or unintentionally disclosed Confidential Information shall be designated as soon as reasonably possible after the furnishing party becomes aware of the inadvertent or unintentional disclosure. Counsel for the furnishing party with assistance of the receiving parties shall thereafter:

(a) Use reasonable efforts to retrieve all such particular documents, things, or information, and all copies thereof, from any persons not authorized by this Order to receive such materials;

(b) Mark the particular documents, things, or information, and all copies thereof, with the appropriate label as set forth above; and

(c) Treat the document, thing, or information, all copies thereof, and any notes or other documents incorporating such information in accordance with the designation.

20. If any person permitted access to any material designated as Confidential is served with a subpoena or other Court-issued demand for the production of such material, the person served with the subpoena or other demand shall provide written notice by e-mail and mail service to counsel for the producing or designating party or third party of the service of the subpoena or other demand, including a complete and legible copy of the subpoena or other demand, as soon as practicable, so that the producing or designating party or third party may take whatever action it deems appropriate to preclude or limit the disclosure of any

Confidential Information. ~~If the party on whom a subpoena or other Court-issued demand has been served receives notice that the producing or designating party or third party objects to the disclosure of Confidential Information and has filed a motion seeking to preclude or limit such disclosure, no disclosure shall be made unless and until an order of court resolving the motion and permitting disclosure is entered a writ review, if any, is completed or the time within which a party or third party might seek such relief expires~~.

21. The parties shall endeavor to avoid filing Confidential Information with the Court to the extent possible. If it becomes necessary to file Confidential Information with the Court, the party who wishes to file such materials shall (a) seek the consent of the producing Party to allow such filing, or (b) if such consent is not forthcoming, shall file an application for approval to file the Confidential Information under seal, pursuant to Local Rule 79-5.1.

22. ~~In the event that any Confidential Information is used in any court proceeding in connection with this litigation, it shall not lose its protected status under this Protective Order through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such proceedings~~.

23. This Protective Order is without prejudice to the right of any party to bring before the Court the question of whether any particular information is within the scope of permissible discovery or admissible and all such rights are expressly reserved.

24. The terms of this Protective Order survive the termination of the action.

25. Within sixty (60) days after the termination of this litigation between the Parties (including exhaustion of appeals), each Party shall either: (1) return all Confidential Information to the party that produced it, or (2) destroy the Confidential Information and provide to the Party that produced it a statement under penalty of perjury certifying that the Confidential Information has been

destroyed. However, notwithstanding the foregoing, outside counsel for each Party may retain one complete and un-redacted set of pleadings and papers filed with the Court or served on the other Parties (including documents produced by any Party) solely for reference in the event of, and only in the event of, (i) further proceedings or litigation between the Parties, or (ii) a dispute over the use or dissemination of Confidential Information subject to the terms of this Protective Order. The copy of pleadings and papers retained by outside counsel shall be maintained in a file accessible only by outside counsel bound by this Protective Order. This Order shall survive the final termination of this litigation with respect to any such retained Confidential Information.

26. Nothing in this Protective Order shall be construed to preclude any Party from asserting in good faith that certain Confidential Information requires additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

27. This Protective Order may be amended by agreement of the parties and approval of the Court. Any Party may, on motion and for good cause shown, apply to the Court for modification of this Protective Order.

28. Notwithstanding anything to the foregoing above, this Protective Order shall not govern as to materials submitted in connection with a dispositive motion or at trial. Any party desiring protection as to such proceedings must apply separately to the judicial officer presiding over such proceedings.

**IT IS SO ORDERED.**

DATED: February 27, 2015   _____
The Honorable Ralph Zarefsky
United States Magistrate Judge

[PROPOSED] ORDER GRANTING STIPULATION RE PROTECTIVE ORDER