UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 14-941 DSF (SSx) | Date | 9/20/16 |
| Title | Min Productions PTE. Ltd. v. FireForge, Inc. and Timothy Campbell | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART Plaintiff's Renewed Motions In Limine No. 1 (Dkt. 272) and No. 3 (Dkt. 273), GRANTING Plaintiff's Motion in Limine No. 7 (Dkt. 274), and Order on Plaintiff's Motion in Limine No. 8

### Plaintiff's Renewed MIL No. 1 (Dkt. 272)

Plaintiff Min Productions PTE. Ltd. (Min) seeks to exclude the testimony of Defendant Timothy Campbell's expert Robert Wunderlich. Wunderlich offered testimony (1) discussing damages suffered by FireForge, Inc. (FireForge) and (2) rebutting testimony of Min's experts David Nolte and Garry Kitchen. Considering that FireForge's counterclaims have now been dismissed with prejudice, Wunderlich's testimony regarding FireForge's damages is irrelevant. Wunderlich's testimony rebutting Kitchen's testimony is likewise irrelevant because Kitchen's testimony regarding lost profits has been excluded. (Dkt. 266.) Plaintiff concedes that Wunderlich's testimony rebutting Nolte's testimony is admissible.

Plaintiff's Renewed MIL No. 1 is GRANTED IN PART.[1]

---

[1] All rulings on motions in limine are tentative. The issues may be raised again during trial—outside the presence of the jury—if circumstances change.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

### Plaintiff's Renewed MIL No. 3 (Dkt. 273)

Min moves to exclude certain testimony and documents regarding an alleged oral agreement between Min-Liang Tan and FireForge for the development of the videogame at issue here and two unspecified videogames for $9 million. Campbell contends that the evidence is relevant to his affirmative defenses, namely, modification, waiver, fraud, and fraudulent inducement.

As discussed, the Court declines to allow Campbell's affirmative defense of modification. In any event, evidence of the alleged oral agreement would be inadmissible to support an affirmative defense of modification because the Game Development Agreement allows modification only by way of signed writing. Campbell fails to demonstrate how the evidence is relevant to the affirmative defense of waiver.

"Although parol evidence is not available to vary the express terms of a written agreement, it is admissible to show fraudulent inducement to enter into a contract." Bell v. Exxon Co., U.S.A., 575 F.2d 714, 715 (9th Cir. 1978) (citing Bank of America v. Lamb Finance Co., 179 Cal.App.2d 498, 3 Cal.Rptr. 877 (1960)). So whether evidence supporting Campbell's affirmative defenses is barred by the parol evidence rule depends on whether Campbell seeks to show allegedly fraudulent oral promises that are inconsistent with the terms of the Game Development Agreement (a species of promissory fraud) or to attack the validity of the Game Development Agreement on the grounds that FireForge was fraudulently induced to execute it. The evidence may be admissible to support Campbell's affirmative defense of fraudulent inducement but not to support Campbell's affirmative defense of fraud. Plaintiff's renewed MIL is GRANTED IN PART insofar as Campbell seeks to introduce this evidence to support his affirmative defenses of waiver, modification, and fraud.

Although the evidence may in theory be admissible to support the affirmative defense of fraudulent inducement, Campbell has failed to adequately plead this defense for the same reasons stated in the Court's Order Granting Counter-Defendants' Motion to Dismiss. (Dkt. 197.) "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Courts, however, "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757–58 (9th Cir. 1999)). Min had notice of this affirmative defense from Defendants' answer and could have conducted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

appropriate discovery.  (Dkt. 80.)  The Court therefore finds that Min likely will not prejudiced by an amendment and permits Campbell to amend his affirmative defense of fraudulent inducement to remedy the defects stated in the Court's Order Granting Counter-Defendants' Motion to Dismiss.  (Dkt. 197.)  The Court also orders Campbell to submit an offer of evidentiary proof before trial begins and to submit a proposed limiting jury instruction regarding the alleged oral agreement.  The Court reserves judgment on the admissibility of this evidence as it relates to the affirmative defense of fraudulent inducement until it has reviewed the amendment and offer of proof.

### Plaintiff's MIL No. 7 (Dkt. 274)

Min seeks to exclude any evidence supporting Campbell's affirmative defenses of undue influence, modification, and substantial performance.  Campbell first introduced these defenses in his proposed jury instructions submitted on June 29, 2016.  Min argues that it will be prejudiced by this evidence because Campbell raised these defenses after the close of discovery and Min never had an opportunity to conduct related discovery.  Campbell appears to argue that Min had notice because the unpleaded affirmative defenses are subsets of pleaded affirmative defenses.

While Federal Rule of Civil Procedure 8 requires that a defendant plead affirmative defenses when responding to a complaint, a court may allow an affirmative defense in a subsequent motion so long as it does not prejudice the plaintiff.  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010).  Defendants' answer does not plead the affirmative defenses of undue influence, modification, and substantial performance—or facts to support such defenses.  Further, the unpleaded affirmative defenses require different elements from the pleaded affirmative defenses.

In his opposition, Campbell appears to request leave to amend the answer to add these defenses.  The Court agrees that Min would be prejudiced if the Court permits Campbell to introduce the unpleaded affirmative defenses this late in the case.  Campbell raised these affirmative defenses after the discovery cut-off date of September 25, 2015.  (Dkt. 75.)  The Court would have to reopen discovery and cause undue delay if it were to allow Campbell to amend his answer.  Further, the deadline for amending pleadings (March 9, 2015) has already passed, so the Court would have to modify the scheduling order.  (Dkt. 43.)  Under Federal Rule of Civil Procedure 16(b), a scheduling order may be modified only for good cause.  A party must show due diligence to demonstrate good cause.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  Campbell has failed to show due diligence.  Leave to amend is denied.

Plaintiff's MIL No. 7 is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

**Plaintiff's MIL No. 8 (Dkt. 275)**

Min seeks to exclude Exhibits 1386–1390 (Gameplay Videos), arguing that they do not depict actual gameplay—but instead depict animations simulating what the completed game may have looked like. Campbell argues that witnesses will authenticate at trial that the videos depict actual gameplay. If the videos depict actual gameplay, then they are potentially relevant to the fraud claims. If the videos do not depict actual gameplay, then they are irrelevant. The Court has not reviewed the videos because the parties have failed to provide them. It appears that this matter should be resolved by an offer of proof before trial begins.[2]

IT IS SO ORDERED.

---

[2] Min also argues that the videos should be excluded because they were submitted late. Min's reliance on <u>Kunzler</u> is misplaced as the Court has not yet issued the pretrial order. The Court will not exclude the videos on these grounds.